February 4th 2015

Re: Stephen Silas Thomas
T.D.C.J. # 317322
Clements Unit
9601 Spur 591
Amarillo, Texas
79107-9606

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 17 2015

Abel Acosta, Clerk

Cause # W-80-15637-N(E)
WR-11,635-08

Attention: Abel Acosta, Clerk
Please find herein Applicant's
"Objection to Trial Court's Facts and findings
in Cause # W-80-15637-N(E). This is a return of
documents that was recieved from your
office Jan. 26. 2015. Recieved notice that
said Cause was recieved 1-26/2015 and filed
with the Court of Appeals under WR-11,635-08
Please forward this Objection to the Court
of Appeals that it may became apart of
the records in the above mentioned cause.

Respectfully Submitted
Stephen Silas Thomas



SHARON KELLER
PRESIDING JUDGE

LAWRENCE E. MEYERS
CHERYL JOHNSON
MIKE KEASLER
BARBARA P. HERVEY
ELSA ALCALA
BERT RICHARDSON
KEVIN P. YEARY
DAVID NEWELL
  JUDGES

# COURT OF CRIMINAL APPEALS
P.O. BOX 12308, CAPITOL STATION
AUSTIN, TEXAS 78711

ABEL ACOSTA
CLERK
(512) 463-1551

SIAN SCHILHAB
GENERAL COUNSEL
(512) 463-1597

January 28, 2015

Stephen Thomas #317322
Clements Unit
9601 Spur 591
Amarillo, TX  79107-9606

RE: Trial Court Case #W80-15637-N(E)

Dear Mr. Thomas:

After a thorough search of our records, we find that you do not have a Writ of Habeas Corpus filed in the Court of Criminal Appeals at this time.  If you have any further questions or concerns, please direct them to the **District Clerk** in the convicting county where you originally filed the application.

I am herewith returning your documents.

Sincerely,

Abel Acosta, Clerk

AA/vj
Enclosure

Re: Stephen Silas Thomas                              Jan. 19th 2015
TDCJ # 317322
Clements Unit
9601 Spur 591
Amarillo, Texas 79107-9606        Cause # W-80-15637

        To the Clerk's Office: Abel Acosta
Clerk

        This a Responce to the Trial
Court findings of facts and Conclusion
of law in cause numbered # W-80-15637
        All documents, all pertinant
information pertaining to the above
Cause are to be forward to the
Criminal Court of Appeals at Austin,
Texas. Please file this before the
Court for Review.

                            Thank You Kindly
                            Stephen Thomas

RECEIVED IN
COURT OF CRIMINAL APPEALS
JAN 26 2015
Abel Acosta, Clerk

Writ No. # W80-15637-N(E)

Ex Parte

Stephen Silas Thomas,
Applicant, in Pro Se

In the Criminal
Court of Appeals
At
Austin, Texas

Applicant's response, and objections to the adopted findings of facts, and proposed Conclusions of law, pertaing to this cause, W. 80-15637-N (E)

Comes now, Applicant (Stephen Silas Thomas in Pro Se and makes this his "Objections and Response" to the "Adopted Findings and Facts and the Conclusions of law" made by the trial Courts of Dallas County Texas in this instant cause.

Applicant contends that the adopted findings of facts and Conclusions of law that were rendered by the 195th Judicial District Court of Dallas County Texas, was an abuse of the Court's descretion by not responding to the directed issue of Complaint setforth in the original application for Writ of Habeaus Corpus 11.07 in the Cause Numbered D-8015637-N(E).

(1). The alledged allegations of Breached "Plea Agreement" are Consitlent with the denial of "Due Process of the law, and due course of the law. through Applicant's entire proceedings are issues of Probative values, and when erroneous errors are believed to be present, these essential elements of the application for Habeaus purposes must be properly addressed.

Thomas # 2

Applicant directs this Court of Appeals attention to "Court Order" render in cause numbered F-13-57073 the 283rd Judicial District Court of Dallas County Texas (See Exhibit-A Judgement of Conviction terms of Plea Agreement).

The Honorable Rick Magnis of the 283rd Judicial District Court of Dallas County and the District Attorney office, made a "Judicial Contract with the Applicant in this cause, Namely F-13-57073, To Run "Concurrently" with Cause Numbered F-80-15637. That the terms of these agreements held a Significance Pertaining to the future terms of his Parole and it's status and to Safeguard any Problems of how this "1 month State Jail Sentence", would and should be administered by the Prison System, when and if ever the Situation would Present itself, for the Parole Board or the Texas Department of Criminal Justice to consider how or which would become or have the "controlling custody" of the Applicant at what time, in the imposed Sentence.

Of importance the Criminal Court of Appeal should know that Cause numbered F-13-57073 was recently challenged throughout the Court of Appeals WR-11,435-07, 11/26/2014 said Cause was denied without a written Order based upon that said Cause was a discharged sentence, No Habeas purpose of relief.

However, "Collateral Consequences" that arises from this void conviction # F-13-57073 that have subjected the Applicant to "Cruel and Unusual Punishments," and is a ongoing injury in the Applicant's "Parole Proceedings," and involves a continuous denial of "Due Process of the law" and due course of the law." Applicants Parole status was "Revoked" due to this erroneous error by T.D.C.J. that Violated the terms of his Plea agreement. On: Parole Revocation hearing and the introduction of Cause # F-13-52073 Parole hearing for Cause # F-80-15637.

T.D.C.J. Violated a Judicial Contract made entered, and executed by Court's Order and have Violated the rights of this Applicant to fair and impartial Proceedings throughout his entire Sentence in Cause Numbered F-80-15637.

Applicant point to the "State's Proposed Findings of facts, Conclusions of law, and order" (pg 1-2)

"Even though his Judgement in that case (F-13-57073) reflects that the sentence is to run "Concurrently." See: (State's Proposed finding # F-80-15637)

The Trial Courts Responce Proposed findings of facts, Conclusions of law, "Concieved" in the facts that the sentence rendered by the 283rd Judicial District Court was intended to run "Concurrently"

Applicant is humbly requesting that the Criminal Court of Appeals Review each and every material evidence of facts through Exhibits A-F setforth by Applicant in his Original application Cause # F-80-15637

Review the fact that Applicant entered an Agreement with the "Judicial System" and that an Judicial execrcution of "order" was rendered.

Applicant is requesting the Criminal Court of Appeals to acknowlege that Cause # F-13-57073, "did not" run "Concurrently" with Cause # F-80-15637 as Ordered and agreed upon in Applicants "Plea agreement"

Applicant is requesting that the Court of Appeals acknowledges that the Texas Department of Criminal Justice did error and Violated the terms of his Plea Agreement, and by Violating the terms of the Plea Agreements VOIDS the Conviction from what was Originally agreed, and ordered upon by the 282rd Judicial District Court of Dallas County, Texas.

That the Criminal Court of Appeals will See and determine that the Texas Board of Pardons, and Paroles did entertain, used exhibited the Void Conviction to revoke the Applicant's Parole in Cause # F 80-15637 and that the Future proceedings of Applicant Parole Review under Cause numbered F-80-1563 7, are under the "Collateral Consequences" and harmful effects of Cause Numbered F-13-57073, the "Breached" Plea Bargain Agreement, a "Void Contract" that the Parole Review Board will forever entertain upon when ever ask "How did Applicant return to the System? they'll always refer to the Cause Number F-13-57073 this is the very means of "Collateral Consequence".

## Conclusion

Applicant firmly contends that his application for habeas relief is true, and correct, and the alledged allegations therein should be properly acknowledge and entitle to addressed.

Applicant believes that the Trial Court Response, "Proposed findings of facts, Conclusions of law, and order" fails to address the essential elements of Applicant application for habeas relief.

Applicant at no time mentioned therein his application a "Time Credit or Time resolution dispute." Applicant contends that the Trial Court abuse the descreation of the court, under the exhaution of his State remedies to properly address the emergency issues of a Habeas Corpus pleadings.

Applicant believes his objection to the facts and findings of the Court are needed and within the order of processing this application. He now request a full and intense review of his application Pelse.

## Prayer

With all premises being now considered herein this Responce, and objections to the trial Courts findings of facts and Conclusions of law. Applicant now prays that this the Court of Criminal Appeals at Austin Texas, recieves this in good faith. That the Court of Criminal Appeals Review the entirety of Cause numbered F-80-15637 and Cause numbers F-13-57073 and that in the interest of Justice, and equality finds that the alledged allegations therein be granted he, the Applicant. He does so Pray.

Respectfully Submitted

Stephen Alvo Thomas

# 317322